# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 08-CR-0053-001-CVE |
| JOE MARVIN WHITEHEAD, | ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is defendant's *pro se* motion to defer restitution payments (Dkt. # 32). Claiming a financial hardship, defendant requests that the Court order suspension of restitution payments until his release from imprisonment.

In August 2008 defendant was sentenced to an aggregate term of 48 months in the custody of the Bureau of Prisons following his guilty plea to counts three and six of a seven-count indictment alleging aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(a)(1), 1028A(c)(5), and 1028A(c)(11). The Court ordered defendant to pay restitution in the amount of $31,480.55 to two victims of his offenses. The restitution order further set out that any ". . . monetary penalty is due in full immediately, but payable on a schedule of the greater of $25 quarterly or 50% of income pursuant to the Federal Bureau of Prisons' Inmate Financial Responsibility Program while in prison."

Defendant, apparently a participant in the Inmate Financial Responsibility Program (IFRP), made restitution payments of $50 per month until recently, when his family reduced its contributions to his prison commissary account. Defendant argues this reduced income presents a financial

hardship, prompting his request that the Court modify the restitution order to suspend any payments until his release from imprisonment in March 2013.

The Court has the authority to adjust a restitution payment under the limited circumstances set forth in 18 U.S.C. § 3664(k), which provides:

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change of circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interest of justice requires.

Under § 3664(k), the Court is permitted to "adjust the payment schedule, or require immediate payment in full, as the interest of justice requires," upon proper notification of a material change in the defendant's economic circumstances. The Court finds that defendant has not shown he has experienced the requisite change of circumstances. Defendant's only contention is reduced prison income. Although his income is decreased at the present time, it is purely speculative that he will have no resources with which to pay restitution during the remaining period of his incarceration. Further, the Bureau of Prisons can and likely will adjust his payment schedule based on changes in his financial situation. The Court is familiar with the workings of the IFRP managed by the Bureau of Prisons. Program policies provide for an inmate savings account appropriately designed to meet institutional needs, while at the same time executing on a defendant's obligation to pay a criminal monetary penalty. Even if defendant could meet the requisite "material change in economic circumstance," the statutory language of *"adjust[ing]* the payment schedule" clearly does not authorize the Court to grant a 17-month *suspension* of all payments. See Williams v. United

2

States, 120 Fed.Appx. 284 (10th Cir. 2005) (found defendant not entitled to suspension of payments, since he had made no showing of change in circumstances); United States v. Coleman, 276 Fed.Appx. 766 (10th Cir. 2008) (upholding district court's denial of motion to suspend restitution order for circumstances not contemplated by § 3664(k)).

Accordingly, the Court finds that defendant has not established the requisite material change in economic circumstances to authorize any adjustment to the restitution order. Because defendant may have the ability to perform work in the institution and currently receives funds from community resources sufficient to make a contribution toward his restitution through the IFRP, the Court finds that defendant's motion to defer restitution payments (Dkt. # 32) is **denied**.

**IT IS SO ORDERED** this 5th day of October, 2011.

Claire V. Eagan
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT